# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAYAN MEZA, | No. 2:18-CV-3206-JAM-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA HEALTH CARE FACILITY, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.[1] Pending before the court are the following motions: (1) plaintiff's motion for leave to file a second amended complaint (ECF No. 33)[2]; (2) plaintiff's motions for an extension of time (ECF Nos. 39 and 48); and (3) plaintiff's motion for the appointment of counsel (ECF No. 53). Also before the court are a proposed second amended complaint (ECF No. 42), filed on January 24, 2019, and a proposed third amended complaint (ECF No. 50), filed on March 29, 2019.

---

[1] The matter was originally filed in the United States District Court for the Central District of California. On June 20, 2018, the court determined plaintiff had abandoned any claims against the California Health Care Facility by not naming it as a defendant in the first amended complaint and found service was appropriate for defendants Chaudhry and Martel. See ECF No. 12. On December 11, 2018, the court granted defendant's motion to dismiss, in part, based on improper venue and transferred the matter to this court. See ECF No. 34.

[2] This motion was left unresolved in the court's December 11, 2018, transfer order.

1

Turning first to plaintiff's motions for an extension of time, in his first motion (ECF No. 39), plaintiff seeks additional time to file a second amended complaint. As the court has not ruled on plaintiff's motion for leave to amend or set any deadline for the filing of a second amended complaint, this request is premature and will be denied as such. In any event, plaintiff request appears to be moot because the docket reflects that plaintiff has already filed a proposed second amended complaint. In his second motion for an extension of time (ECF No. 48), plaintiff does not reference any pending deadline nor request additional time for any specified purpose. Because plaintiff has not requested any relief from this court, his second motion for an extension of time will also be denied.

Turning next to plaintiff's motion for the appointment of counsel, the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id. In Terrell, the Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.
>
> Id. at 1017.

In the present case, the court does not at this time find the required exceptional circumstances. First, plaintiff's filing to date demonstrate his ability to articulate his claims on his own. Second, the court is unable to determine any likelihood of success on the merits or evaluate the complexity or nature of plaintiff's claims because the status of the pleadings is

unclear. Specifically, as explained in more detail below, currently pending on the docket is a motion for leave to amend the first amended complaint which has not been briefed or resolved by the court. Finally, plaintiff's motion does not make any other showing of the existence of exceptional circumstances. While plaintiff referenced "education and. . .medical history" hindering his ability to prosecute this case, plaintiff does not provide any explanation of how either his education, presumably lack thereof, or medical history affect his ability to proceed without counsel. Plaintiff's motion for the appointment of counsel will be denied.

Turning next to plaintiff's motion for leave to amend (ECF No. 33), the court observes that, since this motion was originally filed in the Central District and the case transferred to this court, defendants have not been provided an opportunity to respond to plaintiff's motion, and plaintiff has filed a second amended complaint without leave of court and later a third amended complaint. Given this background, it is unclear which pleading plaintiff seeks to be the operative pleading but it is clear defendants have not had an opportunity to make any kind of record. The court will, therefore, direct plaintiff to file an amended motion for leave to amend along with a proposed pleading which would be filed as plaintiff's second amended complaint should plaintiff's motion be granted. Plaintiff is cautioned that failure to file an amended motion for leave to amend and proposed amended complaint within the time provided in this order will result in an order denying plaintiff's original motion for leave to amend and this action will proceed on the first amended complaint (ECF No. 8).

Finally, the second amended complaint and third amended complaint currently on the docket – both filed without leave of court – will be stricken.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to terminate the California Health Care Facility as a defendant to this action pursuant to the court's June 20, 2018, order;

2. Plaintiff's request for the appointment of counsel (ECF No. 53) is denied;

3. Plaintiff's motions for an extension to time (ECF Nos. 39 and 48) are denied;

4. Plaintiff's second amended complaint (ECF No. 42) and third amended complaint (ECF No. 50) are stricken as having been filed without leave of court; and

5. Plaintiff may file an amended motion for leave to amend, along with a proposed amended complaint, within 30 days of the date of this order.

Dated: May 29, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

4