# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN MEZA,<br><br>    Plaintiff,<br><br>    v.<br><br>A. CHAUDHRY, et al.,<br><br>    Defendants. | No. 2:18-CV-3206-JAM-DMC-P<br><br><br><br>ORDER |

          Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is plaintiff's motion for the appointment of counsel. See ECF No. 83.

          The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id. In Terrell, the

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances. According to plaintiff, counsel should be appointed because he cannot articulate his claims on his own. See ECF No. 83, pgs. 1-2. In this regard, plaintiff states that the current motion was prepared with the assistance of another inmate who is expected to be transferred to a different prison and that he is not a U.S. citizen. See id. While these circumstances are somewhat unique, they are not extraordinary, particularly to the extent plaintiff's assistant is not yet transferred or, if he is transferred, there has been no showing that plaintiff is not able to find another assistant.

Regarding the Terrell factors, the Court cannot say at this stage of the proceedings before any pre-trial dispositive motions have been filed whether plaintiff is likely to succeed on the merits. Moreover, the legal issue in this case – whether defendants violated plaintiff's constitutional rights by denying him access to the prison law library – is not complex legally. As to whether plaintiff's claim is factually complex, the current record before the Court does not suggest complexity of facts. Finally, plaintiff has thus far demonstrated an adequate ability to articulate his claims on his own, albeit apparently with some degree of assistance.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 83) is denied without prejudice.

Dated: March 24, 2020

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE