IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAYAN MEZA, | No. 2:18-CV-3206-JAM-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| A. CHAUDHRY, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is plaintiff's motion for the appointment of counsel (ECF No. 87).

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id. In Terrell, the

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances. Plaintiff states that the appointment of counsel is warranted because he has no legal education and is incarcerated with limited law library access. See ECF No. 87, pg. 1. The Court finds these circumstances to be the norm for prisoner litigants and not "exceptional." Further, contrary to plaintiff's contention, the factual and legal issues involved in resolving plaintiff's discrimination claims against defendants are not complex. Next, a review of the docket reflects that plaintiff has been able to articulate his claims on his own. Specifically, plaintiff's second amended complaint has been found appropriate for service and defendants have answered. Finally, at this early stage of the proceedings, the Court cannot say that plaintiff has demonstrated any likelihood he will prevail on the merits.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the appointment of counsel (ECF No. 87) is denied.

Dated:  June 1, 2020

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE