IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAYAN MEZA, | No. 2:18-CV-3206-JAM-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| A. CHAUDHRY, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Before the Court is Plaintiff's motion for appointment of counsel. ECF No. 97.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive, and both must be viewed together before reaching a decision. See id. In Terrell, the United States Court of Appeals for the Ninth Circuit concluded the district court did not abuse its

1 | discretion with respect to appointment of counsel because:

> Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

Here, Plaintiff contends that he requires counsel because of an outbreak of COVID-19 in the state prison where he is presently incarcerated. ECF No. 97. He submitted, as exhibits to his motion, an inmate status report and instructions from the California Department of Corrections and Rehabilitation (CDCR) on handling COVID-19. ECF No. 97 at 3–4. The status report and instructions indicate that CDCR has introduced restrictions on inmate activity to reduce the spread of COVID-19. Id. Inmate activity outside of their cells is limited, and access to prison facilities such as the cafeteria and law library has been modified. Id. Access to the prison's law library is now limited to inmates with upcoming court deadlines and inmates with Priority Legal User (PLU) status. Id. at 4. Plaintiff also submitted a medical record from January 2020. Id. at 5–7. The record indicates that Plaintiff had a kidney transplant in 2018 and takes various medications as a result, states that Plaintiff worries about getting sick, and lists recommendations for Plaintiff's health. Id.

The Court is cognizant of the difficulty of litigating from prison, especially considering the additional limitations that COVID-19 protocols have generated. The Court, however, does not find exceptional circumstances warranting a request by the Court for voluntary assistance of counsel. Review of the docket indicates that Plaintiff has been able to articulate his claims on his own and comply with Court orders and deadlines. He has filed multiple motions that sufficiently and coherently outline requested relief. The Court recognizes the present restrictions placed upon inmates' access to the prison's law library, but Plaintiff's exhibits illustrate that inmates with upcoming court deadlines are permitted access to the library.

Furthermore, at this stage of the case, the Court cannot say that Plaintiff has established a particular likelihood of success on the merits. Finally, Plaintiff alleges fairly straightforward constitutional claims concerning access to the courts and legal material. See ECF

No. 1. The factual and legal issues involved in this case are not unusually complex. Plaintiff's motion for appointment of counsel is DENIED.

        IT IS SO ORDERED.

Dated: January 7, 2021

                                         DENNIS M. COTA
                                         UNITED STATES MAGISTRATE JUDGE